[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS
Defendant Miller Yacht Sales, Inc., a corporation organized and existing under the laws of the state of New Jersey, moves to dismiss on the basis that this court has no in personam jurisdiction over it. The court disagrees.
The complaint alleges that the defendant manufactured a defective boat which the plaintiff Edward Jarson, a resident of this state[1], purchased. The plaintiffs claim damages for losses alleged to have been caused by the defective design and manufacture. The plaintiff's affidavit establishes that the defendant, through its sales representatives, repeatedly solicited sales at boat shows in Connecticut, including the sale of the boat in question. Although the sale was consummated in New Jersey, the defendant's activities, as described in the plaintiff's affidavit, cause this court to conclude that the defendant manufactured the boat "with the reasonable expectation that [it] would be used or consumed in this state," as provided in C.G.S. 33-411 (c)(3). Accordingly, the court holds that that long-arm statute applies to the circumstances of this case and confers jurisdiction over the defendant.
The court also concludes that the application of Connecticut's long-arm statute in this case would not offend constitutional due process requirements. The defendant must reasonably have expected that its goods would enter the stream of commerce in this state and that it would be "haled into court" here if they were defective. See World-Wide Volkswagen v. Woodson, 444 U.S. 286 (1980). Furthermore, the solicitation of sales at the boat shows indicated that the defendant "purposefully availed itself of the privilege of conducting activities" in Connecticut. See Asahai Metal, Inc. v. Superior Court of California, 480 U.S. 102 (1987).
For all of the above reasons, the defendant's motion to dismiss is denied.
MALONEY, J.